1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ASTARTE DAVIS-RICE,                          No. C 11-3203

12                 Plaintiff,                      **ORDER DENYING MOTION TO RECUSE**

13       v.

14   UNITED STATES OF AMERICA, et al.,

15                 Defendants.
     /

16

17        Before the Court is plaintiff Astarte Davis-Rice's ("Davis-Rice") "Motion to Recuse

18   United States District Judge Maxine M. Chesney by Verified Affidavit" (hereinafter

19   "Motion"), filed October 4, 2011, pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.  (See

20   Mot. at 1:19-23.)  Defendant United States has filed opposition thereto.  Having read and

21   considered the papers filed in support of and in opposition to the Motion, the Court deems

22   the matter suitable for decision on the parties' respective written submissions and rules as

23   follows.

24        The affidavit filed in support of the Motion references earlier cases filed by Davis-

25   Rice and heard by the undersigned judge.  In the affidavit, Davis-Rice purports to describe

26   the rulings made in said prior actions (see Mot. at 3:24-8:28), and asserts said rulings show

27   the undersigned is "personally biased and prejudiced against [her]."  (See id. at 1:23.)

28   Contrary to Davis-Rice's contentions, however, the affidavit, as a matter of law, fails to

United States District Court

For the Northern District of California

1    provide sufficient grounds for recusal under either statute.

2                                    **DISCUSSION**

3    A.    Recusal Under 28 U.S.C. § 144

4            Pursuant to 28 U.S.C. § 144, a judge shall recuse himself or herself when a party

5    makes and files a "timely and sufficient affidavit" that the judge "has a personal bias or

6    prejudice either against him or in favor of any adverse party."  See 28 U.S.C. § 144.  The

7    challenged judge must determine in the first instance whether the affidavit is legally

8    sufficient and, if so, must refer the motion to another judge for determination.  See id.; see

9    also United States v. Montecalvo, 545 F.2d 684, 685 (9th Cir. 1976) (holding district judge

10   did not err in refusing to recuse himself where affidavit was legally insufficient).  Here, the

11   Motion is both procedurally and substantively insufficient under §144.

12           First, as a procedural matter, Davis-Rice's affidavit is insufficient, because Davis-

13   Rice has not provided a "certificate of counsel of record stating that [the affidavit] is made in

14   good faith."  See 28 U.S.C. § 144; Robinson v. Gregory, 929 F. Supp. 334, 337-38 (S.D.

15   Ind. 1996) (holding certification by member of the bar is necessary to prevent abuse of

16   recusal procedures); see also United States v. Bennett, No. SACR 03-25 AHS, 2008 WL

17   2025074, at *2 (C.D. Cal. May 5, 2008) (same).[1]

18           Second, as a substantive matter, the affidavit is insufficient, because it contains no

19   facts that would support a finding that the Court's rulings were based on bias "stem[ming]

20   from an extrajudicial source" rather than on "what [the Court] learned from [the Court's]

21   participation in the case."  See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966).[2]

22   Davis-Rice's repeated conclusory assertion that the undersigned is "personally biased

23   against [her] as a convicted felon" (see, e.g., Mot. at 1:23, 4:6, 5:24) is unsupported by

24

25           [1]  Even assuming Davis-Rice could make the required certification herself, she has
26   not done so here.

27           [2] Contrary to Davis-Rice's assertion, the Court's "extraneous research" (see Mot. at
     5:11-12), specifically, the Court's reference in one of Davis-Rice's habeas cases to the
28   Third Circuit's published opinion on her direct appeal (see Mot. Ex. E at 1 n.1), does not
     constitute an extrajudicial source.

                                             2

1  "specifically allege[d] facts," and, consequently, provides no legally cognizable support for

2  the motion.  See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) (holding "[a]n

3  affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts

4  that fairly support the contention that the judge exhibits bias or prejudice directed toward a

5  party that stems from an extrajudicial source").

6      In sum, the affidavit is, as a matter of law, insufficient to support recusal under

7  § 144.

8  B.    Recusal Under 28 U.S.C. § 455

9      Davis-Rice's affidavit likewise is insufficient to support recusal under § 455.

10  Pursuant to § 455, a judge "shall disqualify himself in any proceeding in which his

11  impartiality might reasonably be questioned."  See 28 U.S.C. § 455(a).  As noted above,

12  Davis-Rice's motion is based on rulings made in judicial proceedings.  For purposes of

13  § 455, however, "judicial rulings alone almost never constitute a valid basis for a bias or

14  partiality motion . . . and can only in the rarest circumstances evidence the degree of

15  favoritism or antagonism required."  See Liteky v. United States, 510 U.S. 540, 555 (1994).

16  A judge's rulings and decisions are, "[a]lmost invariably, . . . proper grounds for appeal, not

17  for recusal."  See id.  Indeed, even "judicial remarks during the course of a [proceeding]

18  that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases"

19  ordinarily will not suffice to support a motion for recusal.  See id.  Here, the affidavit does

20  no more than describe ordinary "judicial rulings" and "routine trial administration," see id. at

21  556, and the Court is unaware of any circumstances that otherwise would require

22  disqualification or recusal.

23                              **CONCLUSION**

24      For the reasons stated above, Davis-Rice's Motion is hereby DENIED.

25      **IT IS SO ORDERED.**

26

27  Dated:  October 19, 2011

28                              MAXINE M. CHESNEY
                                United States District Judge

                                    3