IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASTARTE DAVIS-RICE,                           No. C 11-3203

       Plaintiff,                                **ORDER DENYING MOTION TO RECUSE**

  v.

UNITED STATES OF AMERICA, et al.,

       Defendants.
/

       Before the Court is plaintiff Astarte Davis-Rice's ("Davis-Rice") "Motion to Recuse United States District Judge Maxine M. Chesney by Verified Affidavit" (hereinafter "Motion"), filed October 4, 2011, pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455.  (See Mot. at 1:19-23.)  Defendant United States has filed opposition thereto.  Having read and considered the papers filed in support of and in opposition to the Motion, the Court deems the matter suitable for decision on the parties' respective written submissions and rules as follows.

       The affidavit filed in support of the Motion references earlier cases filed by Davis-Rice and heard by the undersigned judge.  In the affidavit, Davis-Rice purports to describe the rulings made in said prior actions (see Mot. at 3:24-8:28), and asserts said rulings show the undersigned is "personally biased and prejudiced against [her]."  (See id. at 1:23.)  Contrary to Davis-Rice's contentions, however, the affidavit, as a matter of law, fails to

provide sufficient grounds for recusal under either statute.

**DISCUSSION**

A. <u>Recusal Under 28 U.S.C. § 144</u>

Pursuant to 28 U.S.C. § 144, a judge shall recuse himself or herself when a party makes and files a "timely and sufficient affidavit" that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." <u>See</u> 28 U.S.C. § 144. The challenged judge must determine in the first instance whether the affidavit is legally sufficient and, if so, must refer the motion to another judge for determination. <u>See</u> <u>id.</u>; <u>see also</u> <u>United States v. Montecalvo</u>, 545 F.2d 684, 685 (9th Cir. 1976) (holding district judge did not err in refusing to recuse himself where affidavit was legally insufficient). Here, the Motion is both procedurally and substantively insufficient under §144.

First, as a procedural matter, Davis-Rice's affidavit is insufficient, because Davis-Rice has not provided a "certificate of counsel of record stating that [the affidavit] is made in good faith." <u>See</u> 28 U.S.C. § 144; <u>Robinson v. Gregory</u>, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996) (holding certification by member of the bar is necessary to prevent abuse of recusal procedures); <u>see also</u> <u>United States v. Bennett</u>, No. SACR 03-25 AHS, 2008 WL 2025074, at *2 (C.D. Cal. May 5, 2008) (same).[1]

Second, as a substantive matter, the affidavit is insufficient, because it contains no facts that would support a finding that the Court's rulings were based on bias "stem[ming] from an extrajudicial source" rather than on "what [the Court] learned from [the Court's] participation in the case." <u>See</u> <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966).[2] Davis-Rice's repeated conclusory assertion that the undersigned is "personally biased against [her] as a convicted felon" (<u>see, e.g.</u>, Mot. at 1:23, 4:6, 5:24) is unsupported by

---

[1] Even assuming Davis-Rice could make the required certification herself, she has not done so here.

[2] Contrary to Davis-Rice's assertion, the Court's "extraneous research" (<u>see</u> Mot. at 5:11-12), specifically, the Court's reference in one of Davis-Rice's habeas cases to the Third Circuit's published opinion on her direct appeal (<u>see</u> Mot. Ex. E at 1 n.1), does not constitute an extrajudicial source.

"specifically allege[d] facts," and, consequently, provides no legally cognizable support for the motion. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980) (holding "[a]n affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source").

In sum, the affidavit is, as a matter of law, insufficient to support recusal under § 144.

B.   Recusal Under 28 U.S.C. § 455

Davis-Rice's affidavit likewise is insufficient to support recusal under § 455. Pursuant to § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." See 28 U.S.C. § 455(a). As noted above, Davis-Rice's motion is based on rulings made in judicial proceedings. For purposes of § 455, however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required." See Liteky v. United States, 510 U.S. 540, 555 (1994). A judge's rulings and decisions are, "[a]lmost invariably, . . . proper grounds for appeal, not for recusal." See id. Indeed, even "judicial remarks during the course of a [proceeding] that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases" ordinarily will not suffice to support a motion for recusal. See id. Here, the affidavit does no more than describe ordinary "judicial rulings" and "routine trial administration," see id. at 556, and the Court is unaware of any circumstances that otherwise would require disqualification or recusal.

**CONCLUSION**

For the reasons stated above, Davis-Rice's Motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 19, 2011

_____
MAXINE M. CHESNEY
United States District Judge

3